### CHICAGO, R. I. & G. RY. CO. v. NICHOLSON.

(Court of Civil Appeals of Texas. Feb. 4, 1911. Rehearing Denied March 4, 1911.)

1. RAILROADS (§ 102*) — FARM CROSSINGS — FAILURE TO CONSTRUCT—ACTION FOR DAMAGES—RECOVERY IN CONDEMNATION SUIT.

It was not error, in an action against a railroad company which constructed its road through plaintiff's farm, for damages for not constructing a crossing between the parts of the farm severed by the road, to refuse to permit introduction by defendant of the pleading which plaintiff filed in the condemnation suit, and to exclude the charge and the judgment in such suit, and testimony as to what was proved therein; the record in such suit showing the filing and sustaining of an exception to and the striking out of such pleading, which objected to the report of the commissioners, because, in addition to the value of the land taken, the remainder has been damaged by its severance by the

road, making it inconvenient and dangerous to cultivate the land.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 102.*]

2. RAILROADS (§ 102*) — FARM CROSSINGS — FAILURE TO CONSTRUCT—DAMAGES TO CROPS.

Under Sayles' Ann. Civ. St. 1897, art. 4427, requiring a railroad company, which has fenced or may fence its right of way, to make openings or crossings through its fence and over its road, at certain distances, provided that, if such fence shall divide any inclosure, at least one opening shall be made in said fence within such inclosure, failure of a railroad company to construct a crossing between the pieces of the same inclosure of land severed by its road resulting in the direct and proximate loss of the crop grown on the land gives the landowner a cause of action.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 102.*]

3. RAILROADS (§ 102*) — FARM CROSSINGS — FAILURE TO CONSTRUCT—DAMAGES TO CROPS —EVIDENCE.

Evidence that the owner of an inclosure of land severed by a railroad, so as to leave the west portion cut off from his residence, started to gather his crop of potatoes on the west side, leaving part of it on the ground, waiting for a crossing to be put in by the railroad, and that, before he had completed the harvesting, the water came up and stood on and rotted the crop, and made it impracticable to harvest the crop or remove the part already gathered, and that there was no convenient way of getting that portion of the crop harvested across the track, where it would be housed, and where a highway was accessible, and that, instead of plaintiff having been able easily and at a slight expense to have gathered and marketed the crop without a crossing, this could have been done only by carrying the potatoes over the high embankment in baskets or by putting small loads in a wagon and driving it over the track at considerable risk of loss and of much inconvenience, authorized a recovery for the loss of the potatoes as the proximate result of failure of the railroad to put in a crossing.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 102.*]

4. APPEAL AND ERROR (§ 681*) — RECORD — PLEADINGS.

Plaintiff's original petition not being in the record, the question whether there was any material difference between it and the amended petition, and whether a new and different cause of action was set up in the amended petition, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2883, 2884; Dec. Dig. § 681.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action by Joseph Nicholson against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

N. H. Lassiter, Robert Harrison, and Hill & Webb, for appellant. A. J. Ball and Carden, Starling, Carden & Hemphill, for appellee.

BOOKHOUT, J. This suit was brought in the county court of Dallas county by Joseph Nicholson against the Chicago, Rock Island & Gulf Railway Company to recover damages on the allegations that the defendant had constructed a roadbed and line of rail-

road through his truck farm, containing about 17 acres, and that it had failed to construct the necessary culverts and sluices required by the natural lay of the land for its drainage, and that it had constructed along the east side of the roadbed a ditch which transmitted surface water onto the plaintiff's land, injuring the crops thereon, in the year 1908, in the sum of $75, and that his crop of 1907 was damaged by reason of the construction by defendant of a ditch along the west side of its roadbed, which precipitated upon the land a large quantity of water, and that the defendant had failed to build a crossing across the roadbed and right of way that would give the plaintiff access to the west portion of the said tract, which was cut off from his residence by the right of way, and that, on account of the lack of a crossing, it was impossible for him to get to the west side of the roadbed and to gather the crop after its maturity. It was alleged that the value of this crop was $683. The defendant answered by a general denial and by a plea that it was not required to construct a crossing for the private use of the plaintiff, but that, if the court should hold that it was required to make such a crossing, then the plaintiff had already recovered his damages therefor in a condemnation proceeding brought by the defendant against the plaintiff for the right of way through the plaintiff's tract of land. The defendant averred that in that condemnation suit the plaintiff in the present suit had set up a claim for damages and recovered therefor on the ground that his land was damaged and depreciated in value by reason of being cut into two pieces by the right of way, and on account of the difficulty of communication between the two parts thereof, and difficulty of access from one to the other. It was averred that the plaintiff in the suit at bar was estopped from a further recovery on that ground of action. It pleaded, also, that the plaintiff's cause of action arose more than two years before the filing of his first amended original petition, and that the cause of action as set out in that petition was not the same as that set out in his original petition. It was averred that in his original petition he sued for the destruction of crops aggregating the sum of $683, alleging that the injury was caused by the defendant's negligence in constructing the railway without constructing and maintaining the necessary culverts and sluices for the drainage of the land. In the first amended original petition it was alleged that the injury was caused by reason of the defendant having dug ditches on each side of the railroad, which conducted the water onto the plaintiff's land. The plaintiff excepted to that part of the defendant's answer, setting up that he was estopped from claiming damages on account of the failure to build a crossing, and this exception was sustained. On a trial of the case on November 26, 1909, the jury

returned a verdict in the plaintiff's favor for the sum of $500, from which verdict and judgment thereon the defendant has duly appealed the case to this court.

The first, second, third, and fourth assignments contend that the trial court erred in excluding certain pleadings of Joseph Nicholson, the plaintiff in the court below, filed by him in a condemnation suit brought by appellee seeking a condemnation of its right of way through his land. Nicholson in that case objected to the report of the commissioners and objected to making said report the award of the court on the following grounds: (1) That, in addition to the value of the land taken, the damage to the remainder of the property and the loss sustained to their business amounted to $4,200. (2) That the land taken by the railway company was a strip cutting in two the defendant's tract of 17 acres of land, which he had bought for the special purpose of using as a truck farm. (3) That the taking of the right of way, which cut diagonally across the 17-acre tract, greatly damaged the tract and practically destroyed it for the uses and purposes of a truck farm, because it cut it into two separate pieces, and because it cut off the greater part of it, which was used for garden purposes, from the defendant's house, thereby making it inconvenient and dangerous for the defendants to cultivate the land and made the land comparatively useless for a truck farm. The trial court refused to permit the appellant to introduce this pleading in evidence, for the reason that the record in that case showed that an exception had been filed to it, which exception was sustained, and the same stricken out. The court did not err in this ruling. Nor did the court err in excluding the charge of the court and the judgment in the condemnation suit, or the testimony as to what was proven in that case.

No reversible error is shown in that paragraph of the court's charge to the jury reading as follows: "You are instructed that our law requires railroad companies to construct and maintain their roadbeds with the necessary culverts and sluices as the natural lay of the land requires for the necessary drainage thereof," etc. It is insisted that said charge imposes too onerous a burden on the company, in that the law does not require the railroad to maintain its roadbed with the necessary culverts and sluices as to the natural lay of the land, but only requires the company to so construct its road. We do not think the jury were misled by this charge. Taking the charge as a whole, they could not have understood that the duty was imposed upon the company to not only construct the necessary culverts and sluices as the natural lay of the land required for its drainage, but that it must see that such culverts and sluices were kept in condition to carry off such drainage.

The eighth paragraph of the court's charge

is assigned as error. This paragraph reads: "If you find and believe from the evidence that defendant failed to construct a reasonable crossing or passageway for plaintiff over defendant's roadbed, and that as the direct and proximate cause of said failure, if any, that plaintiff's crops of 1907, viz., corn, sweet potatoes, and peanuts, on said west side of roadbed, were destroyed, then you should find for the plaintiff the reasonable cash market value of said crops, or either of them so destroyed, if you so find." It is insisted, first, that the evidence fails to show that the loss of the plaintiff's crop was the proximate result of a failure of the defendant to construct a crossing, and it was error to submit this issue to the jury; and, second, that it clearly appears from the evidence that the plaintiff could easily, and at a very slight expense, have gathered and marketed his potatoes without a crossing, and he is not entitled to recover for their value on account of his failure to attempt to gather them until after they had been ruined. These contentions are not sustained. The failure by a railway company to construct a crossing between the severed pieces of the same inclosure of land resulting in the direct and proximate loss of the crop grown upon the land so severed gives a cause of action in favor of said owner. Sayles' Ann. Civ. St. 1897, art. 4427. The evidence shows that the owner started to gather his crop, leaving part of it on the ground, waiting for the crossing to be put in, and that, before he had completed the harvesting, the water came up and stood on the crop, and rotted the crop and made it impracticable to harvest the same or to remove the part already gathered. It was shown that there was no convenient way of getting that portion of the crop which had been harvested across the track, where it could be housed, and where a highway was accessible. It does not appear from the evidence that plaintiff could easily and at a very slight expense have gathered and marketed his crops without a crossing. The evidence tends to show that it could not have been done except by carrying the potatoes over the high embankment in baskets or by putting small loads in a wagon, and driving the vehicle over the track at considerable risk of loss and of much inconvenience.

In this connection the court at the request of appellant instructed the jury as follows: "If you find and believe that the plaintiff, by reasonable care and prudence and effort, could have saved all or a part of the crop raised on the west side of his land in 1907, and that he failed to use such reasonable care and prudence and effort as an ordinarily prudent man would have done under the same or similar circumstances, you will find for the defendant as to those items alleged to have been lost on the west side in 1907,

which, if any, you find could have been so saved."

The court did not err in instructing the jury as follows: "You are further instructed in this connection that plaintiff would not be entitled to recover for failure of a crossing if he could have protected said crops with slight effort and at a trivial expense." Kendall v. Railway Co., 95 S. W. 757.

Nor did the court err in refusing appellant's requested charge No. 5, wherein it sought to have the jury instructed, among other things, that "if you find and believe from the evidence that plaintiff could have by other means, or in any other way, and by reasonable exertion or reasonable expense saved said crops from destruction, and failed to do so, he cannot recover in this case for the destruction of said crops."

Under the twelfth and thirteenth assignments of error the contention is made that the first amended original petition filed by plaintiff set up a cause of action different from that sued on and that the same was barred by limitation when said amendment was filed. To support this plea the defendant introduced in evidence plaintiff's original petition and also plaintiff's first amended petition, but especially the date of these pleadings, which are as follows: The original petition was filed August 18, 1908. The first amended original petition was filed November 20, 1909. The record does not contain plaintiff's original petition. We cannot, therefore, say that there was any material difference between it and the first amended original petition, and we cannot inquire into the question as to whether a new and different cause of action is set up in the amended petition.

Finding no reversible error in the record, the judgment is affirmed.